## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GEORGE EDWARD PAGE,
          Appellant,

          v.

DEPARTMENT OF HEALTH AND
     HUMAN SERVICES,
          Agency.

DOCKET NUMBER
DC-1221-15-0408-W-1

DATE: September 28, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

George Edward Page, Berlin, Maryland, pro se.

Christina Patton Black, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his challenge of the agency's denial of a differential pay increase for lack of jurisdiction as an otherwise appealable action or as an individual right of action (IRA) appeal.  Generally, we grant petitions such as this one only when:

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115  (5 C.F.R.  § 1201.115).    After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The appellant is a Maintenance Mechanic with the agency's National Institute of Health.  Initial Appeal File (IAF), Tab 1 at 2.  On February 5, 2015, he filed an IRA appeal, which challenged the agency's denial of his request for an environmental differential pay increase due to his potential exposure to microorganisms.  *See id.* at 6; IAF, Tab 2.  The appellant also alleged that the agency's actions were taken in reprisal for his protected whistleblowing activity and stated that he had filed a complaint with the Office of Special Counsel (OSC) on February 4, 2015.  IAF, Tab 1 at 5.

¶3    The administrative judge issued an order informing the appellant that, to establish Board jurisdiction over an IRA appeal, he had to demonstrate, among other things, that he had exhausted his whistleblowing claims before OSC and either that OSC had notified him that it was terminating its investigation of his allegations or  120 calendar days  had  passed  since  he  first  sought  corrective

action. IAF, Tab 3 at 3. She ordered the appellant to file evidence and argument within 15 days to establish Board jurisdiction over his appeal. *Id.* She also instructed the appellant to file a copy of the letter he filed with OSC delineating his whistleblowing allegations. *Id.* at 2. The agency also filed a motion to dismiss the appeal, arguing that the appellant did not establish that he exhausted his administrative remedies with OSC. IAF, Tab 7. The appellant did not respond to either the administrative judge's order or the agency's motion to dismiss.

¶4 Without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 1 at 3, Tab 8, Initial Decision (ID). The administrative judge found that the Board lacks jurisdiction over an alleged denial of a differential pay increase as an otherwise appealable action. ID at 3. She also found that, to the extent the appellant was attempting to file an IRA appeal, he failed to exhaust his administrative remedies because 120 days had not passed since he stated that he filed his complaint with OSC. *Id.*

¶5 The appellant has filed a petition for review.[2] Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the appellant's petition.[3] PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The administrative judge properly found that the Board does not have jurisdiction over the appellant's

---

[2] On March 14, 2015, the appellant electronically filed an initial appeal with the Board's Washington Regional Office, which the Board construed as a petition for review of the initial decision in this case. PFR File, Tabs 1-2.

[3] The agency's response was due on April 11, 2015. PFR File, Tab 2. Because April 11, 2015, fell on a Saturday, the agency's response that was filed on Monday, April 13, 2015, is timely. *See* 5 C.F.R. § 1201.23.

alleged denial of a differential pay increase as an otherwise appealable action.[4] ID at 3 (citing 5 C.F.R. § 1201.3); *see Fair v. Department of Transportation*, 4 M.S.P.R. 493, 495-96 (1981) (finding that the loss of premium pay such as a shift differential is not an appealable adverse action).

¶7      To the extent the appellant is attempting to file an IRA appeal, under 5 U.S.C. § 1214(a)(3), an employee is required to exhaust his administrative remedies with OSC before seeking corrective action from the Board in such an appeal. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). An appellant filing an IRA appeal has not exhausted his OSC remedy unless he has filed a complaint with OSC and either OSC has notified him that it was terminating its investigation of his allegations or 120 calendar days have passed since he first sought corrective action. *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 8 (2010). To establish Board jurisdiction, the appellant must prove exhaustion with OSC, not just present nonfrivolous allegations of exhaustion. *Mason*, 116 M.S.P.R. 135, ¶ 9. He may meet this burden by providing his OSC complaint, any amendments to the complaint, OSC's correspondence discussing the claims, and his responses to OSC's correspondence discussing the claims. *See Baldwin v. Department of Veterans Affairs*, 113 M.S.P.R. 469, ¶ 8 (2010).

¶8      It is undisputed that, as of the date the initial decision was issued, 120 days had not elapsed since the appellant stated that he filed his OSC complaint, and he had not alleged that he had been notified that OSC had terminated its investigation into his allegations. IAF, Tab 1 at 5. Thus, the administrative judge properly found that the Board lacked jurisdiction over the appellant's potential IRA appeal. ID at 3. The appellant has not addressed the issue of exhaustion

---

[4] In the absence of an otherwise appealable action, the Board lacks jurisdiction to hear the appellant's claim that the agency's actions breached the terms of a collective bargaining agreement. IAF, Tab 1 at 6; *see Smith v. Department of Defense*, 106 M.S.P.R. 228, ¶ 13 (2007).

either below or on review. Under these circumstances, we find that the appellant has failed to prove that he exhausted his administrative remedies with OSC and, thus, the Board lacks jurisdiction over his IRA appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                                                         William D. Spencer
                                                         Clerk of the Board

Washington, D.C.